[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2012
JOHN LEY
CLERK

_____

No. 11-12647
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-00204-CAP-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERICK BILLINGS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 23, 2012)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Erick Billings appeals his sentence of ten months of imprisonment, imposed upon revocation of his supervised release. Billings argues that his ten-month sentence is both procedurally and substantively unreasonable because the district court failed to consider all the factors in 18 U.S.C. § 3553(a), insufficiently articulated the § 3553(a) factors it relied upon in imposing Billings's sentence, and imposed a sentence greater than necessary to achieve the goals of sentencing. After careful review, we affirm.

I.

On January 17, 2007, Billings pled guilty to three counts of providing false information to a federally licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A). He was subsequently sentenced to three 27-month terms of imprisonment to be served concurrently, followed by a two-year period of supervised release. Billings served his 27-month sentence, then began his supervised release term on July 15, 2009.

On October 12, 2010, Wilson Fraylon, a United States probation officer, filed a petition stating that Billings had violated the terms of his supervised release by using illegal drugs. On October 21, 2010, the district court responded by modifying the terms of Billings's supervised release, ordering that Billings be placed in Dismas House (a community confinement center) for 180 days. On

April 25, 2011, Fraylon filed another petition, alleging that Billings had violated the terms of his modified supervised release by failing to maintain employment and providing the Dismas House staff with false claims and false documentation relating to his employment status. Fraylon requested revocation of Billings's supervised release due to these violations. Billings admitted to the violations at his revocation hearing, and the district court revoked Billings's supervised release and sentenced Billings to a within-Guidelines sentence of ten months of imprisonment.

## II.

We review the sentence a district court imposed after revocation of supervised release for reasonableness. *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). The appellant bears the burden of establishing that the sentence is unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Our reasonableness review of the sentence a district court imposes consists of two parts. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First we examine whether the sentence is procedurally reasonable; if it is, we then consider whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

We generally review the reasonableness of a sentence under an

abuse-of-discretion standard. *Id.* "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted), *cert. denied*, 131 S. Ct. 1813 (2011). However, the government argues that because Billings did not object to procedural reasonableness at the time of his sentencing, we should review the procedural reasonableness of his sentence under a plain error standard. We have not adopted such an approach in a published opinion in the circuit, but the government urges us to join the other circuits that review procedural reasonableness only for plain error when the defendant did not object to his sentence on that basis before the district court. *See, e.g.*, *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011); *United States v. Lynn*, 592 F.3d 572, 576–77 (4th Cir. 2010); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Because we find Billings's sentence reasonable under the abuse-of-discretion standard, we find no need to determine whether a more deferential plain error standard should apply.

### III.

Billings first argues that his sentence was procedurally unreasonable. In our

4

review of the procedural reasonableness of a sentence, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50. Billings asserts that the district court failed to give such explanation.

Here, the district court stated a number of reasons for Billings's sentence: that this was Billings's second violation of his supervised release, that there was little chance of rehabilitation, that punishment would not "mean a lot," that Billings did not want to work or "follow the rules," and that Billings had already received "the maximum benefit of supervised release." There is no requirement that the district court explicitly recite each of the § 3553(a) factors, *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005), and the district court's rationale relates to a number of § 3553(a) factors such as the nature and circumstances of the offense, Billings's history and characteristics, and the need for the sentence imposed to reflect the seriousness of and provide just punishment for the offense.

5

We therefore find no procedural unreasonableness in the district court's sentencing.

Billings next argues that his sentence was substantively unreasonable. "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct; the kinds of sentences available; the advisory guideline range; any pertinent policy statement; and the need to avoid unwarranted sentencing disparities between similarly situated defendants. 18 U.S.C. § 3553(a)(1)–(6). Sentences within the Guidelines range are generally expected to be reasonable. *Talley*, 431 F.3d at 788. We defer to the district court's judgment regarding the weight given to the different § 3553(a) factors unless it has made a clear error of judgment. *Gonzalez*, 550 F.3d at 1324. The fact that we might reasonably have determined that a different sentence was appropriate is not sufficient to justify reversal of the district court. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

6

Billings's guideline range for his offense was six to twelve months. Given that Billings violated the conditions of his supervised release twice and presented falsified documents regarding his employment on numerous occasions, we do not find the imposition of a within-Guidelines sentence of ten months to be substantively unreasonable.

**AFFIRMED.**